ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
SEP 15 2005
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MARIAN K. HANSSON**<br>5785 Port Tobacco Road<br>Indian Head, Maryland 20640,<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | ) | Civil Action No. 05-906 C |

## COMPLAINT

1. Plaintiff Marian K. Hansson, by and through undersigned counsel, hereby files this civil action against Gale Norton, Secretary of the Interior, in her official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, seeking relief for harm caused to her by Defendant's unlawful refusal to comply with a Resolution Agreement entered into on June 28, 2002, in settlement of her complaints filed against the Agency for discrimination in employment, in that the Agency has without justification refused to pay reasonable attorneys' fees to her counsel for their representation of her in this matter. Plaintiff seeks payment of attorneys' fees of $37,077.94 for legal services rendered to her for the period November 1, 2001, to July 27, 2002, plus reasonable attorneys' fees incurred in maintaining this action.

**Parties**

2. Plaintiff Marian K. Hansson is an American of Kiowa (American Indian) origin and 60 years old. She is presently employed in the Office of Management and Administration of the Bureau of Indian Affairs (hereinafter "BIA"), Washington, DC, as GS-12 Central Office Curator of American Indian art and artworks.

3. Defendant Gale Norton is the Secretary of the Interior. Ms. Norton is sued in her official capacity only, as ultimate head of the BIA.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this Complaint presents a question of federal law.

5. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 2000e-16(d), and 42 U.S.C. § 1981a.

6. Venue is properly in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), as the acts complained of herein took place in the District of Columbia.

**Facts**

7. On November 1, 2001, the husband of Plaintiff Marian K. Hansson telephoned the law firm of GEBHARDT & ASSOCIATES, LLP, to discuss a possible discrimination case against the BIA. On November 8, 2001, Plaintiff and her husband met with attorney Joseph D. Gebhardt and retained the firm to handle her discrimination case against the BIA.

8. On November 14, 2001, the law firm of GEBHARDT & ASSOCIATES, LLP prepared a written complaint that Plaintiff filed with the BIA, asserting that Ms. Hansson had suffered and was

suffering discrimination because of her national origin and age. This complaint became Agency No. BIA-02-009. Additional discrimination complaints were later filed and added to the first complaint.

9. The firm and its members, including Mr. Gebhardt, attorney Charles W. Day, Jr., attorney Jenny Celestin, and law clerk Lawrence H. Heftman, continued to render legal services to Plaintiff in connection with her discrimination complaints through settlement thereof on June 28, 2002.

10. On June 28, 2002, as a result of the legal services rendered Plaintiff by the law firm, the BIA entered into a Resolution Agreement with Plaintiff which granted to her substantially all of the relief sought by her in her discrimination complaints. A copy of the Resolution Agreement is attached hereto as Exhibit 1.

11. In the Resolution Agreement, the BIA agreed to pay Plaintiff's reasonable attorneys' fees in accordance with the EEOC regulations at 29 C.F.R. § 1614.501(e).

12. On July 27, 2002, in accordance with the Resolution Agreement, the law firm submitted to the BIA an itemized statement of its fees reasonably earned in representing Plaintiff, along with Mr. Gebhardt's declaration and other supporting data. The total amount of fees and costs claimed by the firm is $37,077.94.

13. On September 12, 2002, Defendant's Office of the Secretary (not the BIA) issued a Final Decision regarding the attorneys' fees to be awarded to the law firm. In that Final Decision, received by Mr. Gebhardt on September 16, 2002, Defendant awarded a total of $8,959.44 in attorneys' fees and costs to Plaintiff. A copy of the Final Decision is attached hereto as Exhibit 2.

**Cause of Action**

14. The Final Decision of Defendant (Office of the Secretary) to pay to Plaintiff's attorneys less than one quarter of the amount of reasonable attorneys' fees claimed is arbitrary, capricious, and unsupported by law, in violation of 42 U.S.C. § 2000e-5(k) and 29 C.F.R. § 1614.501(e).

15. The Final Decision of Defendant (Office of the Secretary) to pay less than one quarter of the reasonable attorneys' fees claimed violates the Resolution Agreement signed by Plaintiff and the BIA.

16. The Final Decision of the Defendant (Office of the Secretary) in the matter of Plaintiff's attorneys' fees constitutes an improper deferral of decision-making authority from the BIA to the office of the Secretary. The BIA, not the Office of the Secretary, signed the Resolution Agreement with the Plaintiff.

**Relief Requested**

17. Plaintiff requests the following relief:

a. An award of the reasonable attorneys' fees and costs necessarily incurred in obtaining the Resolution Agreement signed by the parties on June 28, 2002;

b. The costs and expenses of this action, including reasonable attorneys' fees; and

c. Such other relief as the Court deems just and proper.

**Jury Demand**

18. Plaintiff requests a trial by jury.

CHARLES W. DAY, JR.
D.C. Bar No. 459820
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 607
Washington, DC 20036-4718
(202) 496-0400

LENORE C. GARON
D.C. Bar No. 172205
2412 Falls Place Court
Falls Church, Virginia 22043-3009
Tel.: 703-534-6662
Fax: 703-534-4448

Attorneys for Plaintiff

October 16, 2002
September 15, 2005

SETTLEMENT AGREEMENT

UNITED STATES DEPARTMENT OF THE INTERIOR
OFFICE OF THE SECRETARY

MARIAN K. HANSSON, )
Complainant )
v )
)
) Agency No. BIA-02-009
GALE NORTON, Secretary, )
U.S. Department of the Interior, )
Agency. )
)

RESOLUTION AGREEMENT

In accordance with the terms set forth herein below, the parties, Complainant Marian K. Hansson and the Secretary of the Interior, hereby agree to resolve the above-captioned complaints of discrimination.

1. By executing this Resolution Agreement, the parties hereby agree to resolve all of the issues raised in Marion K. Hansson's (hereinafter, the Complainant) pending complaints of discrimination in the above-captioned matter, including all claims of monetary reimbursement, and any other claims for relief, whether referenced herein or not, whether known or unknown and all other personnel claims, which have been filed or could have been filed by him against the U.S. Department of the Interior or any of its bureaus and offices (hereinafter, the Agency) through the date of execution of this Resolution Agreement.

EXHIBIT
1

2. Complainant alleged that she was discriminated against on the basis of her age (dob: January 3, 1942) and national origin (American Indian/Kiowa) in a formal discrimination complaint dated December 26, 2001 (BIA-02-009) and in two subsequent informal EEO complaints dated January 24, 2002, and April 12, 2002.

3. The issues in the complaints of discrimination resolved by this Resolution Agreement are as follows:

   a. Confirmation of Complainant's workstation at the BIA Central Office at DOI headquarters in Washington, D.C., together with the location (or joint location) there of the Rediscovery database for the American Indian artwork and artifacts.

   b. Transfer of Complainant's function and position as the BIA's Curator and expert on American Indian art and artwork to the immediate Office of the Assistant Secretary - Indian Affairs or, alternatively, to the BIA Office of the Trust Responsibilities/Cultural Resources Program.

   c. Reassignment of Complainant's data entry tasks to another staff person so that she can concentrate on her full-time work at the BIA Central Office.

   d. A performance plan for FY 2002 that is consistent with Complainant's position description.

e. Related stress, anxiety, emotional pain, and suffering resulting from the hostile working environment and from the inaccurate and unfair performance plan.

f. Exclusion from selection to a "Chief Curator" position in August 2001, and five other issues in Complainant's January 24, 2002 informal EEO complaint.

g. A letter of reprimand dated March 11, 2002, issued to Complainant due to her failure to provide her office keys to Carolyn McClellan and another issue in Complainant's April 2, 2002 informal EEO complaint.

4. The parties mutually agree to the following terms and further agree that these terms shall fully and forever resolve Complainant's allegations of discrimination to date against the Agency, and that except as specified herein, no other promises, conditions, or obligations are made or imposed on the parties.

5. By executing this Resolution Agreement, Complainant withdraws and dismisses, with prejudice, her complaint of discrimination identified above, and any other allegation, complaint, grievance or other action she has filed or could have filed and agrees not to institute, file or otherwise initiate or cause to be instituted, filed or initiated on her behalf, any complaint or other action, including civil court litigation, against the Agency, its bureaus, offices, agents or employees which has or could have been filed by her through the date of execution of this Resolution Agreement.

6. The Complainant understands and agrees that she will receive no relief or other consideration beyond that recited in this Resolution Agreement, and that her acceptance of this shall be final and conclusive.

7. Complainant stipulates she has exercised her right to seek counsel in connection with waiving her Age Discrimination in Employment Act (ADEA) claims, and stipulates further that she has been advised she has seven (7) days after signing this Resolution Agreement in which to withdraw her acceptance of its terms and provisions and that this period is deemed reasonable by the parties. Complainant also stipulates that she has entered into this Resolution Agreement knowingly and willingly, with the intent of waiving any ADEA claims she may have against the Agency, and that there is adequate consideration for the agreement.

8. ACCORDINGLY, THE AGENCY AGREES TO:

   a. The Agency shall reassign Complainant's current GS-1015-12 position and supervision to the Special Assistant to the Director, Office of Management and Administration, Bureau of Indian Affairs (BIA), no later than 30 days after the date of execution of this Resolution Agreement.

   b. While Complainant's current GS-1015-12 Position Description shall remain substantially the same, the Agency shall update and revise it as follows:

      i. That Complainant will report to, and be supervised by, the Special Assistant to BIA's Director, Office of Management and Administration.

ii. That Complainant's job will be limited to serving as Curator for the BIA's Central Office collection of American Indian art and artworks which is located in the DOI headquarters building in Washington, D.C., Reston, VA, and any other location(s) in the Washington, D.C. metropolitan area.

iii. That Complainant will serve as a liaison to the Department and other DOI bureaus and offices with respect to the BIA's Central Office collection of American Indian art and artworks in Washington, D.C.

iv. That Complainant will be assigned to serve on all relevant BIA and DOI committees with respect to her job as Curator for the BIA's Central Office collection of American Indian art and artworks in Washington, D.C.

v. That Complainant's requests for funding in connection with her job shall be submitted to and acted upon by the Special Assistant to BIA's Director of the Office of Management and Administration, or in her absence, by the said Director.

c. Complainant shall also have a special assignment to inventory and otherwise attend to the BIA's Washington, D.C. Central Office collection of American Indian art and artworks which are located in Denver, CO until December 31, 2002. The Complainant shall coordinate travel arrangements with her supervisor to complete the assignment, and the assignment may be extended at the discretion of the supervisor.

d. Complainant shall retain her current office space at DOI headquarters in Washington, D.C. Should renovation work require that Complainant vacate these offices, she will be given comparable office space at DOI headquarters, to include an office, a work room, and a storage room as in her current office space to the greatest extent possible.

e. Not later than 90 days after the date of execution of this Agreement, the Special Assistant to the Director, Office of Management and Administration, will work with the Division of Information Resources Management (OIRM) to make the necessary arrangements to allow the Complainant to link to the Rediscovery database that pertains to the BIA's collection of American Indian art, artworks, and artifacts at DOI headquarters in Washington, D.C. This will allow the Complainant to review the database at DOI headquarters rather than requiring the Complainant to commute to Reston, VA for the purpose of reviewing this database. If a link cannot be established to the Rediscovery database, the Complainant may be provided a print-out of the information contained in the database on a quarterly basis to review

information about the Central Office American Indian art and artworks that are under the oversight of the Complainant.

f. After her reassignment, the Complainant will provide the necessary information in a written format to her supervisor, in order to keep the information about the Central Office American Indian art and artworks collection current in the Rediscovery database. As mentioned above, the Complainant will not be required to do the routine data entry; assistance will be provided to her.

g. Any and all requests for training and travel in connection with the performance of her job shall be reviewed and approved by the Complainant 's supervisor.

h. The Complainant shall be required to attend meetings with the Division of Acquisition and Property Management staff to keep informed of other activities within the BIA regarding American Indian art and artworks. The Complainant may attend these meetings in person at the Reston, VA office or via conference call.

i. The Agency shall completely expunge and destroy all copies of the March 11, 2002 reprimand issued by Carolyn McClellan to Complainant on the asserted ground that Complainant would not turn over copies of her office keys to Ms. McClellan.

j. Within the authority of the current Director, Office of Management and Administration, Carolyn McClellan and David Brown will not have supervision over the Complainant and shall not have any input into the Complainant's performance appraisal for the current fiscal year. In the event of a reorganization or change/shift in mission or function within the Agency or the BIA, every consideration will be given to the terms of this Agreement and the parties involved.

k. After Complainant's reassignment to the Special Assistant to BIA's Director, Office of Management and Administration, Complainant will be given a new performance plan.

l. The Agency shall pay the Complainant the agreed sum of $6,500.00 in compensatory damages for stress, humiliation, and emotional pain and suffering related to the incidents alleged in the resolved complaints of discrimination.

m. The Agency shall pay reasonable attorney's fees and costs to Complainant's attorney in accordance with the EEOC regulations at 29 C.F. R. §1614.501 (e). Complainant's attorney is: Joseph D. Gebhardt, GEBHARDT & ASSOCIATES, LLP, 1101 17th Street, N. W., Suite 607, Washington, D. C. 20036-4718. Complainant's attorney will file with the Agency a verified statement of attorney's fees and costs and supporting Affidavit within 30 days of the date of execution of this Resolution Agreement. (A preliminary statement was already submitted to the Agency on June 24, 2002.) The Agency will then have 60 days from the date of the attorney's filing within which to issue a decision on the

claim for attorney's fees and costs, but will also have the right to negotiate an amount with the attorney at any time within the 60-day period. The Agency agrees to make any payment on this claim to the attorney within 90 days of the attorney's filing.

9. This Resolution Agreement shall not constitute or be construed as an admission of liability or wrongdoing by the Agency, but is for the purpose of resolving disputed claims. Upon compliance and/or payment of the items and/or amounts set forth in this Resolution Agreement, Complainant waives and releases the Agency in full from any claims or causes of action for back pay, damages, interest or attorney's fees, which she raised or could have raised through the date of this Resolution Agreement.

10. That the parties to this Resolution Agreement warrant that they have not assigned or transferred any of the claims released herein to other persons, parties, or entities.

11. That the parties agree that should the Agency fail to honor its obligations as set forth in this Resolution Agreement for any reason not attributed to acts or conduct by the Complainant, the provisions outlined in 29 CFR §1614.504 shall govern. If the Complainant believes that the Agency has failed to comply with the terms of the Resolution Agreement, the Complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the Complainant knew or should have known of the alleged noncompliance. The Complainant may request that the terms of the Resolution Agreement

be specifically implemented or, alternatively, that the complaints be reinstated for further processing from the point processing ceased.

12. This Resolution Agreement contains the complete understanding between the parties. The parties have no other oral or written agreements or understandings. That this Resolution Agreement is entered into voluntarily and with full understanding of its terms.

Marion K. Hansson
Complainant

6-28-02
Date

Diane L Murth
Acting Director,
Agency Official Office of Administration

6-28-02
Date

Sharon Blackwell
Agency Official Deputy Commissioner of Indian Affairs

June 28, 2002
Date

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

RECEIVED
SEP 16 2002
GEBHARDT

IN REPLY REFER TO:
Docket Number BIA-02-009

September 12, 2002

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Marian K. Hansson
c/o Mr, John D. Gebhardt
Gebhardt & Associates
1101 17th Street, N.W. Suite 607
Washington, DC 20036

Dear Ms. Hansson:

This is to advise you of the Department of the Interior's final decision (FD) regarding attorney's fees and costs to be awarded you pursuant to the June 28, 2002, Settlement Agreement entered into between you and the Agency regarding your formal discrimination complaint dated December 26, 2001 (alleging race and age discrimination), and your informal discrimination complaints dated January 24, 2002 and April 2, 2002 (both alleging race, age discrimination, and reprisal).

The parties' June 28, 2002, Settlement Agreement provided, among other things, that:

> "The Agency shall pay reasonable attorney's fees and costs to Complainant's attorney in accordance with the EEOC regulations at 29 C.F. R. §1614.501 (e). Complainant's attorney is: Joseph D. Gebhardt, GEBHARDT & ASSOCIATES, LLP, 1101 17th Street, N. W., Suite 607, Washington, D. C. 20036-4718. Complainant's attorney will file with the Agency a verified statement of attorney's fees and costs and supporting Affidavit within 30 days of the date of execution of this Resolution Agreement. (A preliminary statement was already submitted to the Agency on June 24, 2002.) The Agency will then have 60 days from the date of the attorney's filing within which to issue a decision on the claim for attorney's fees and costs, but will also have the right to negotiate an amount with the attorney at any time within the 60-day period. The Agency agrees to make any payment on this claim to the attorney within 90 days of the attorney's filing."

Since the parties did not agree on an amount of attorney's fee and costs to be paid, this Office used the Commission's regulations and case law to determine a reasonable attorney's fees award.

Analysis and Determination Regarding Complainant's Claim for Attorney's Fees and Costs

Legal Issues

The Equal Employment Opportunity Commission's (Commission) regulations regarding attorney's fees

EXHIBIT
2

are set forth at 29 C.F.R. §1614.501(e). This section provides:

> (e) Attorney's fees or costs--(1) Awards of attorney's fees or costs. The provisions of this paragraph relating to the award of attorney's fees or costs shall apply to allegations of discrimination prohibited by Title VII and the Rehabilitation Act. In a decision or final action, the agency, administrative judge, or Commission may award the applicant or employee reasonable attorney's fees (including expert witness fees) and other costs incurred in the processing of the complaint. (i) A finding of discrimination raises a presumption of entitlement to an award of attorney's fees. (ii) Any award of attorney's fees or costs shall be paid by the agency. (iii) Attorney's fees are allowable only for the services of members of the Bar and law clerks, paralegals or law students under the supervision of members of the Bar, except that no award is allowable for the services of any employee of the Federal Government. (iv) **Attorney's fees shall be paid for services performed by an attorney after the filing of a written complaint**, provided that the attorney provides reasonable notice of representation to the agency, administrative judge or Commission, except that fees are allowable for a reasonable period of time prior to the notification of representation for any services performed in reaching a determination to represent the complainant. **Agencies are not required to pay attorney's fees for services performed during the pre-complaint process**, except that fees are allowable when the Commission affirms on appeal an administrative judge's decision finding discrimination after an agency takes final action by not implementing an administrative judge's decision. Written submissions to the agency that are signed by the representative shall be deemed to constitute notice of representation.

29 C.F.R. §1614.501(e) (emphasis added)

Regarding the amount of awards, the Commission's regulations provide:

> (2) Amount of awards. (i) When the agency, administrative judge or the Commission determines an entitlement to attorney's fees or costs, the complainant's attorney shall submit a verified statement of attorney's fees (including expert witness fees) and other costs, as appropriate, to the agency or administrative judge within 30 days of receipt of the decision and shall submit a copy of the statement to the agency. A statement of attorney's fees and costs shall be accompanied by an affidavit executed by the attorney of record itemizing the attorney's charges for legal services. The agency may respond to a statement of attorney's fees and costs within 30 days of its receipt. The verified statement, accompanying affidavit and any agency [[Page 282]] response shall be made a part of the complaint file.

29 C.F.R. §1614.501(e)

By federal regulation, an agency may award the applicant for attorney's fees, reasonable attorney's fees, in accordance with existing case law and regulatory standards, incurred in the processing of an EEO complaint. 29 C.F.R. § 1614.501(e). The attorney requesting the fee award has the burden of proving, by specific evidence, his or her entitlement to the requested amount of attorney's fees and costs in the matter. Copeland v. Marshal, 641 F.2d 880, 892 (D.C. Cir. 1983).

The starting point for determining the amount of reasonable attorney fees is the number of hours reasonably expended, multiplied by a reasonable hourly rate, an amount known as the "lodestar".

Bernard v. Department of Veterans' Affairs, EEOC Request No. 01966861 (July 17, 1998). In determining the number of hours expended, the Commission recognizes that the attorney "is not required to record in great detail the manner in which each minute of his time was expended." See Bernard, supra. However, the attorney does have the burden of identifying the subject matters in which he spent his time, which can be documented by submitting sufficiently detailed contemporaneous time records to ensure that the time spent was accurately recorded. See Bernard, supra.

Further, a reasonable fee award may be assessed in light of factors such as: (1) the time required (versus time expended) to complete the legal work; (2) novelty or difficulty of the issues; (3) the requisite skill to properly handle the case; (4) the degree to which counsel is precluded from taking other cases; (5) the relief sought and results obtained; and, (6) the nature and length of the attorney client relationship. See Cerny v. Department of the Army, EEOC Request No. 05930899 (October 19, 1994).

An applicant for attorney's fees is only entitled to an award for time reasonably expended. It does not always follow that the amount of time actually expended is the amount of time reasonably expended. Elvin v. Department of Labor, EEOC Request No. 01943425 (August 31, 1995). Rather, "billing judgement" is an important component in fee setting, and hours that would not be properly billed to a private client are also not properly billed to the agency pursuant to a successful EEO claim. Id. Counsel for the prevailing party should make a "good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." See Bernard, supra.

A statement of attorney's fees and costs must be submitted by an affidavit executed by the attorney of record itemizing the attorney's charges for legal services. A verified statement of fees and costs should include the following:

1. a list of services rendered itemized by date, number of hours, detailed summary of the task, rate, and attorney's name;

2. documentary evidence of reasonableness of hours, such as contemporaneous time records, billing records, or a reasonably accurate substantial reconstruction of time records;

3. documentary evidence of reasonableness of rate, such as an affidavit stating that the requested rate is the attorney's normal billing rate, a detailed affidavit of another attorney in the community familiar with prevailing community rates for attorneys of comparable experience and expertise, a resume, a list of cases handled, or a list of comparable cases where a similar rate was accepted; and

4. documentation of costs.

MD 110, Chapter 11, (1999)

A fee award may be reduced for failure to provide adequate documentation. Services rendered must be reasonably related to the case and not excessive, redundant, or otherwise unnecessary in relation to the issues raised. Bernard v. Department of Veteran Affairs, EEOC Appeal No. 01966861 (1998). Using more than one experienced attorney where one would suffice is not compensable. Washington v. Department of Transportation, EEOC No. 01832463 (1984)

The Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et. seq., does not provide for the award of attorney's fees for Federal sector complaints at the administrative level. See Palmer v. General Services Administration, 787 F.2d 300 (8th Cir. 1986). Additionally, attorney's fees are not recoverable in reprisal claims where the underlying complaint was based on age discrimination. Terraciona v. Secretary of Health and Human Services, EEOC No. 05910888 (1992).

Allowed and Disallowed Fees and Costs

By letter dated July 27, 2002, your attorney notified the agency of his request for attorneys fees and costs. Your attorney's request was for $37,077.94, representing $36,965.50 for legal services rendered to you during the period November 1, 2001 to July 27, 2002, and costs in the amount of $112.44 (Dec 1, 1999 - July 27, 2002, $28.60, and $83.84, respectively). In the July 27, 2002, letter, the agency was informed that legal services had been provided by Joseph D. Gebhardt, at the rate of $360.00 per hour, Charles W. Day Jr. , at the rate of $210.00 per hour, and Jenny Celestin, at the rate of $170.00 per hour.

Although your attorney provided biographical and other information about himself and Charles W. Day, no biographical information was provided about Jenny Celestin. Moreover, the agency was not provided with any information to establish that Ms. Celestine is associated with the law firm of Gebhardt & Associates, LLP.

Your formal discrimination complaint was based on age and race discrimination, and your two informal complaints were based on age and race discrimination and reprisal. Your attorney made no distinction between the amount of time spent in connection with your age discrimination claims and reprisal claims based on your age discrimination claims versus your race discrimination claims. As discussed above, attorneys fees are not compensable in connection with legal services performed on age discrimination claims and reprisal claims based on age discrimination claims.

Pursuant to the Commission's regulations and case law, and for the reasons noted below, the following attorney's fees were disallowed:

Joseph D. Gebhardt, Esq.

Disallowed

Legal Services provided 11/01/01-12/26/01
23.8 hrs@$360.00 = $8,568.00

Reason : Pre-complaint legal services.

| Date | Hrs. | Reason |
|---|---|---|
| 01/08/02 | .50 | Pre-complaint activity; duplicative of 01/07/02 services; vague task summary |
| 01/10/02 | .30 | Pre-complaint activity; duplicative of 01/07/02 services; vague task summary |
| 01/11/02 | .30 | Pre-complaint activity; duplicative of 01/07/02 services; vague task summary |
| 01/14/02 | .60 | Pre-complaint activity; duplicative of 01/07/02 services; vague task summary |
| 01/15/02 | .30 | Pre-complaint activity; duplicative of 01/07/02 services; vague task summary |
| 01/23/02 | 1.00 | Pre-complaint activity; excessive |
| 01/24/02 | 1.00 | Pre-complaint activity; duplicative of 01/23 services, excessive |
| 01/25/02 | .20 | Pre-complaint activity; excessive |
| 02/05//02 | .20 | Pre-complaint activity; vague task summary |
| 02/11/02 | .20 | Pre-complaint activity; vague task summary |
| 02/13/02 | .20 | Pre-complaint activity; vague task summary |
| 03/19/02 | .20 | Pre-complaint; duplicative of 03/18, excessive |
| 04/01/02 | .40 | Pre-complaint activity; excessive |
| 04/17/02 | .20 | Pre-complaint activity; excessive |
| 04/19/02 | .20 | Pre-complaint activity; excessive |
| 04/25/02 | .50 | Pre-complaint activity, excessive |
| 06/14/02 | .10 | Pre-complaint activity, excessive |
| 06/22/02 | .10 | Pre-complaint activity, excessive |
| Total | 7.10 hrs @$360.00 = $2,556.00 | |

The following attorney's fees are allowed:

(continued Gebhardt allowed fees)

Joseph D. Gebhardt, Esq.

Allowed

| Date | Hrs. |
|---|---|
| 01/07/02 | .30 |
| 01/22/02 | 1.30 |
| 01/23/02 | 1.50 |
| 01/30/02 | 1.00 |
| 01/31/02 | 1.20 |
| 02/14/02 | .50 |
| 02/15/02 | 2.50 |
| 02/20/02 | .20 |
| 02/22/02 | .50 |
| 02/28/02 | .20 |
| 03/04/02 | 1.30 |
| 03/05/02 | .20 |

| | |
|---|---|
| 03/12/02 | .30 |
| 03/13/02 | .50 |
| 03/14/02 | .50 |
| 03/15/02 | 2.50 |
| 03/16/02 | .50 |
| 03/17/02 | .20 |
| 03/18/02 | .50 |
| 03/20/02 | .10 |
| 03/21/02 | .50 |
| 04/01//02 | .40 |
| 04/02/02 | 1.50 |
| 04/04/02 | 1.50 |
| 04/08/02 | .30 |
| 04/09/02 | .20 |
| 04/10/02 | .50 |
| 04/11/02 | .20 |
| 04/12/02 | .30 |
| 04/15/02 | .10 |
| 04/17/02 | .20 |
| 04/18/02 | .40 |
| 04/22/02 | .10 |

(...continued Gebhardt allowed fees)

| | |
|---|---|
| 04/23/02 | 1.00 |
| 04/24/02 | .10 |
| 05/02/02 | 1.00 |
| 05/07/02 | .60 |
| 05/14/02 | .20 |
| 05/21/02 | .20 |
| 05/24/02 | .10 |
| 06/07/02 | .10 |
| 06/10/02 | .30 |
| 06/15/02 | .10 |
| 06/17/02 | .50 |
| 06/18/02 | .50 |
| 06/19/02 | .50 |
| 06/20/02 | 4.00 |
| 06/21/02 | 1.50 |
| 06/24/02 | 4.00 |
| 06/25/02 | 2.00 |

Total 42.50 hrs@$360.00=$15,300.00, reduced to $7,650.00 because of the age claims and reprisal claims (50% regarding formal complaint based on age; 33.33% regarding informal complaint based on age and 16.66% regarding the informal complaint on retaliation based on age. Therefore, a total of $7,650.00 is awarded regarding Mr. Gebhardt.

Joseph W. Day Jr., Esq.
Disallowed

| Date | Hrs. | Reason |
|---|---|---|
| 03/15/02 | 1.0 | Pre-complaint activity; unnecessary/excessive (consultation with Mr. Gebhardt (JDG)) |
| 04/02/02 | 1.30 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 04/04/02 | 1.00 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 04/11/02 | .20 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 04/15/02 | .20 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 04/18/02 | .10 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 04/22/02 | .10 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 04/25/02 | .50 | Pre-complaint activity; unnecessary/excessive (consultation with JDG) |
| 05/02/02 | 2.50 | Pre-complaint activity; excessive |
| 05/14/02 | .50 | Pre-complaint activity, excessive |
| 05/15/02 | .50 | Pre-complaint activity; excessive |
| | | (continued Day disallowed fees) |
| 05/21/02 | .70 | Pre-complaint activity; excessive |
| 06/07/02 | .10 | Pre-complaint activity; excessive |
| 06/10/02 | .10 | Pre-complaint activity; excessive |
| 06/14/02 | .30 | Pre-complaint activity; excessive |
| 06/15/02 | .20 | Pre-complaint activity; excessive |
| 06/17/02 | .10 | Pre-complaint activity; excessive |
| 0618/02 | .10 | Pre-complaint activity; excessive |
| Total | 9.30@ $210.00=$1,953.00 disallowed | |

The following attorney's fees are allowed:

Charles Day Jr., Esq.

Allowed

| Date | Hrs |
|---|---|
| 02/15/02 | .30 |
| 03/06/02 | 2.70 |
| 03/15/02 | .20 |
| 04/10/02 | .50 |

| | |
|---|---|
| 04/12/02 | .50 |
| 04/15/02 | .20 |
| 04/16/02 | .30 |
| 04/23/02 | .50 |
| 04/24//02 | 1.40 |
| 04/29/02 | 1.00 |
| 05/01/02 | .10 |
| | .20 |
| | .30 |
| 05/02/02 | 2.00 |
| 05/06/02 | .10 |
| 05/15/02 | .50 |
| 05/21/02 | .50 |
| 06/06/02 | .10 |

Total 11.40 hrs @ $210.00=$2,394.00, reduced to $1,197. 00, because of the age claims and reprisal claims (50% regarding formal complaint based on age; 33.33% regarding informal complaint based on age and 16.66% regarding the informal complaint on retaliation based on age. Therefore, a total of $1,197.00 is awarded regarding Mr. Day.

Jenny Celestin, Esq.,

Attorney's fees in connection with legal services performed by Jenny Celestin 01/25/02 - 04/06/02 are disallowed because all are associated with pre-complaint activity, no biographical information was provided on Ms. Celestin, and no evidence was provided that she is/was associated with the law firm of Gebhardt & Associates.

Paralegal fees in connection with legal services performed by Lawrence H. Heftman (.30 hr @$95.00) is disallowed because they are related to pre-complaint activity and no biographical information was provided on Mr. Heftman, and his fees were excessive/unnecessary. No evidence was provided that he is/was associated with the law firm of Gebhardt & Associates.

The attorney's petition also requests the following costs:

Miscellaneous Expenses: (Copies, Postage, Taxicabs, and Xeroxing) $28.60 and $83.84
Total Amount Due: $112.44

All costs will be allowed.

Total fees to be paid:
Mr. Gebhardt - $7,650.00
Mr. Day - $1,197.00

| | | |
|---|---|---|
| Ms. Celestin | - $ | 0.00 |
| Paralegal fee | - $ | 0.00 |
| Costs | - $ | 112.44 |
| Total | - | $8,959.44. |

We hereby order the BIA to take whatever actions are necessary to provide you with this compensation within 30 days, from the date of this decision.

Award

Based on the above, the Complainant shall be awarded a total of $8,959.44, for attorney's fees and costs as discussed herein. This is the final decision regarding your claims for attorney's fees. If you are dissatisfied with this decision, you have the following appeal rights

## APPEAL RIGHTS

If you are not satisfied with the final decision, you may appeal that decision to the EEOC, with a copy to the Director, OEO within thirty (30) calendar days of your receipt of the decision. You may also file an appeal to the EEOC after one hundred-eighty (180) calendar days from the filing date of your complaint, if the agency has not issued a decision. You may file an appeal in person or by mail with:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street NW
Washington, D. C. 20507

As an alternative to mailing, appeals my be hand-delivered to:

Equal Employment Opportunity Commission
Office of Federal Operations
1801 L Street, NW
Washington, D.C. 20507

As a further alternative, appeals may be sent by facsimile (fax) to:
[202]663-7022

The appellant shall furnish a copy of the appeal to the agency at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party. The individual appellant should use EEOC Form 573, Notice of Appeal/Petition [copy enclosed].

In lieu of an appeal to the Commission, you may file a civil action in an appropriate United States District Court within ninety (90) calendar days of your receipt of the Commission final order.

If you file an appeal to the Commission and you are not satisfied with the Commission's decision, you may file a civil action in a United States District Court within ninety (90) calendar days of your receipt of the Commission's final order.

You may also file a civil action any time after 180 calendar days from the date of filing an appeal with the Commission, if there has been no final decision by the Commission.

If you file a civil action and does not have, or if you are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. The Civil Rights Act and the Rehabilitation Act give the court discretionary authority to appoint an attorney without costs or fees upon request of the complainant. You must make any such request within the above referenced 90-day time limit for filing suit in such form and manner as the court may require. Please note that the Age Discrimination in Employment Act contains no specific provision for a court appointed attorney.

If you file a civil action involving this complaint, you must specifically name Gale Norton, Secretary of the Department of the Interior as defendant. Failure to do so may result in the loss of any judicial redress to which you may be entitled.

It is important to note that 29 C.F.R. 1614.410 states, "The filing of a civil action under §1614.408 or §1614.409 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."

Sincerely,

E. Melodee Stith

E. Melodee Stith, Director
Office for Equal Opportunity

Enclosure: Appeal Form

cc: Director, Office for EEO Programs, BIA