**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARIAN K. HANSSON** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | Civil Action No. 05-906 C |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT**

1. Plaintiff Marian K. Hansson, by and through undersigned counsel, hereby files this civil action against the United States of America, pursuant to the Tucker Act, 28 U.S.C. § 1491 et seq., seeking relief for harm caused to her by Defendant's unlawful breach of a contract in the form of a Resolution Agreement entered into on June 28, 2002, in settlement of her complaints filed against the United States Secretary of the Interior for discrimination in employment, in that Defendant has without justification refused to pay reasonable attorneys' fees to her counsel for their representation of her in this matter as required by the Resolution Agreement. This case also seeks to enforce Ms. Hansson's right, as a prevailing party, to her attorneys' fees and litigation costs under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq. This case was originally filed with the U.S. District Court for the District of Columbia, and was subsequently transferred to this Court pursuant to the decision of the United States Court of Appeals for the District of Columbia Circuit dated June 10, 2005. The Complaint was refiled according to this Court's direction on September 15, 2005. Plaintiff seeks payment of attorneys' fees of $37,077.94 for legal services rendered to her for the period November 1, 2001, to July 27, 2002, plus reasonable attorneys' fees incurred in maintaining this action.

## Parties

2. Plaintiff Marian K. Hansson is an American of Kiowa (American Indian) origin and over 60 years old. She is presently employed in the Office of Management and Administration of the Bureau of Indian Affairs (hereinafter "BIA"), Washington, DC, as GS-12 Central Office Curator of American Indian art and artworks.

3. Defendant is the United States of America.

## Jurisdiction and Venue

4. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1) because this Complaint presents a claim of breach of contract with the United States for an amount in excess of $10,000.00. See Hansson v. Norton, 411 F.3d 1231 (D.C. Cir. 2005) (transferring this case to the U.S. Court of Federal Claims).

5. This case was originally filed with the United States District Court for the District of Columbia on October 16, 2002. The District Court issued its Memorandum Opinion on March 30, 2004, and Plaintiff timely appealed to the United States Court of Appeals for the District of Columbia Circuit on April 22, 2004. The Court of Appeals issued its Decision ordering this case transferred to this Court on June 10, 2005. Pursuant to the direction of this Court, Plaintiff refiled her Complaint in this Court on September 15, 2005. Plaintiff now files her First Amended Complaint pursuant to the Order of the presiding Judge dated September 28, 2005.

## Facts

6. On November 1, 2001, the husband of Plaintiff Marian K. Hansson telephoned the law firm of GEBHARDT & ASSOCIATES, LLP, to discuss a possible discrimination case against the

BIA. On November 8, 2001, Plaintiff and her husband met with attorney Joseph D. Gebhardt and retained the firm to handle her discrimination case against the BIA.

7. On November 14, 2001, the law firm of GEBHARDT & ASSOCIATES, LLP, prepared a written complaint that Plaintiff filed with and against the BIA, asserting that Ms. Hansson had suffered and was suffering discrimination because of her national origin and age. This complaint became Agency No. BIA-02-009. Additional discrimination complaints were later filed and added to the first complaint.

8. The firm and its members, including Mr. Gebhardt, attorney Charles W. Day, Jr., attorney Jenny Celestin, and law clerk Lawrence H. Heftman, continued to render legal services to Plaintiff in connection with her discrimination complaints through settlement thereof on June 28, 2002.

9. On June 28, 2002, in consideration of Plaintiff's agreement to dismiss her discrimination case against the BIA, the BIA entered into a Resolution Agreement with Plaintiff which granted to her substantially all of the relief sought by her in her discrimination complaints.

10. In the Resolution Agreement, the BIA agreed to pay Plaintiff's reasonable attorneys' fees in accordance with the EEOC regulations at 29 C.F.R. § 1614.501(e).

11. On July 27, 2002, in accordance with the Resolution Agreement, the law firm submitted to the BIA an itemized statement of its fees reasonably earned in representing Plaintiff, along with Mr. Gebhardt's declaration and other supporting data. The total amount of fees and costs claimed by the firm is $37,077.94.

12. On September 12, 2002, Defendant's Office of the Secretary (not the BIA) issued a Final Decision regarding the attorneys' fees to be awarded to the law firm. In that Final Decision, received by Mr. Gebhardt on September 16, 2002, Defendant awarded a total of $8,959.44 in

attorneys' fees and costs to Plaintiff. This award does not represent the full amount of attorney fees and costs owed to Plaintiff under the Resolution Agreement, and is therefore a material breach of the Agreement.

**Cause of Action**

**Count I**

13. The Final Decision of Defendant (Office of the Secretary) to pay less than one quarter of the reasonable attorneys' fees claimed is a contractual violation of the Resolution Agreement signed by Plaintiff and the BIA.

**Count II**

14. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Plaintiff is entitled to recover the attorneys' fees, expenses, and costs of bringing this action.

**Relief Requested**

15. Plaintiff requests the following relief:

a. An award of the reasonable attorneys' fees and costs ($37,077.94) provided for by the Resolution Agreement signed by the parties on June 28, 2002 in consideration of Plaintiff's dismissing her discrimination case;

b. The costs and expenses of this action, including reasonable attorneys' fees; and

c. Such other relief as the Court deems just and proper.

________________________________

CHARLES W. DAY, JR.
D.C. Bar No. 459820
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
Tel: (202) 496-0400
Fax: (202) 496-0404

LENORE C. GARON
D.C. Bar No. 172205
2412 Falls Place Court
Falls Church, Virginia 22043-3009
Tel.: (703) 534-6662
Fax: (703) 534-4448

October 14, 2005

Attorneys for Plaintiff