IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARIAN K. HANSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-906C |
| | ) |
| THE UNITED STATES, | ) Senior Judge Robert H. Hodges, Jr. |
| | ) |
| Defendant. | ) |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Paragraph 4 and 5, Part III of Appendix A.

Paragraph 4

**a. Does the court have jurisdiction over the action?**

Plaintiff asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a). The Government does not intend to challenge the Court's jurisdiction at this time.

**b. Should the case be consolidated with any other case and the reason(s) therefore?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated and the reasons therefore?**

The parties agree that the trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

The parties agree that no remand or suspension will be sought.

**f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to the effect joinder?**

The parties contemplate that no other parties will be joined in this action.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

At this time, the parties cannot state whether dispositive motions will be filed. Either before or after the close of discovery has been completed, either party may submit motions or cross-motions for summary judgment pursuant to RCFC 56. The parties shall file such dispositive motions no later than 30 days after the close of discovery.

**h. What are the relevant issues?**

The plaintiff asserts that the relevant issue is as follows:

Whether the settlement agreement requires the Government to compensate plaintiff for reasonable attorney fees, in the amount of $37,077.94, as claimed, plus the reasonable attorney fees and expenses of this action.

The Government asserts that the relevant issue is as follows:

Whether the settlement agreement requires the Government to compensate plaintiff for attorney fees in excess of $8,959.44, and if so, how much.

**i. What is the likelihood of settlement?**

At this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

As stated above, the parties may submit motions or cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling. The parties requests that trial be held in Washington, D.C.

**k. Are there special issues regarding electronic case management needs?**

At this time, the parties agree that there are no special issues regarding electronic case management needs.

**l. What is the proposed discovery plan?**

Counsel for both parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The plaintiff proposes a discovery deadline of April 30, 2006, an expert witness disclosure deadline and expert witness report deadline of March 31, 2006, and an expert witness discovery completion date of April 30, 2006. The Government proposes a discovery deadline of August 31, 2006, an expert witness disclosure deadline and expert witness report deadline of September 30, 2006, and an expert witness discovery completion date of October 31, 2006.

Respectfully submitted,

s/ Charles W. Day, Jr.
CHARLES W. DAY, JR.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, DC 20036-4716
Tel: (202) 496-0400
Fax: (202) 496-0404

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ David R. Feniger
DAVID R. FENIGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 305-2118

Attorneys for Defendant

January 23, 2005