IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARIAN K. HANSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-906C |
| | ) | |
| THE UNITED STATES, | ) | Judge Robert H. Hodges, Jr. |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment upon those claims, without constituting an admission of liability on the part of plaintiff or defendant, it is stipulated and agreed between the parties:

1. Marian K. Hansson ("Ms. Hansson"), a United States citizen of Kiowa (American Indian) origin, is employed by the Department of Interior, Bureau of Indian Affairs, Office of Management and Administration ("DOI") as a GS-12 Central Office Curator of American Indian Art and Artworks.

2. In 2002, Ms. Hansson filed an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., alleging that she was discriminated upon the basis of her national origin. She was represented by Gebhardt & Associates, LLP ("Gebhardt").

3. On June 28, 2002, the parties negotiated and executed a settlement agreement. Among other things, the agreement provided that the Department of Interior "shall pay reasonable attorney's fees and costs to Complainant's attorney . . ."

4. On July 27, 2002, pursuant to the terms of the settlement agreement, Gebhardt submitted a claim for attorney fees and costs in the amount of $37,077.44. On September 12,

2002, DOI responded to Gebhardt's submission by stating that the billing amounts were excessive and that Ms. Hansson was only entitled to $8,959.44 in attorney fees. Ms. Hansson was subsequently paid $8,959.44. DOI denied the remaining $28,118.50 sought upon the basis that the amount did not constitute reasonable attorney fees.

5. Ms. Hansson filed a complaint against DOI in Federal district court, alleging that the government breached the settlement agreement by refusing to pay reasonable attorney fees. The Government filed a motion to dismiss, asserting that the court did not possess jurisdiction to entertain the complaint. The court dismissed the case based upon jurisdictional grounds and Ms. Hansson appealed her case to the United States Court of Appeals for the District of Columbia Circuit. The appeals court determined that the proper venue was the United States Court of Federal Claims and remanded the case to the district court with instructions to transfer the case to the Court of Federal Claims.

6. On September 15, 2005, Ms. Hansson filed this suit challenging the Government's determination that only $8,959.44 was compensable. Ms. Hansson seeks $28,118.50 – which represents the remainder of her $37,077.94 claim – plus all additional attorney fees associated with her collection efforts.

7. Ms. Hansson has offered to settle the entirety of her claim in this case, including all attorney fees expended in her collection efforts in the three courts set forth in paragraphs 5 and 6, in exchange for future payment by the United States of $21,041, inclusive of interest, with each party to bear its own costs, expenses, and attorney fees.

8. Ms. Hansson's offer has been accepted on behalf of the Attorney General.

9. The United States consents to entry of judgment against the United States in favor of Ms. Hansson as set out in paragraph 7.

10. Upon entry of judgment and payment to Ms. Hansson of the amount set forth in paragraph 7, Ms. Hansson releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the settlement agreement or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

11. Upon entry of judgment and payment to Ms. Hansson of the amount set forth in paragraph 7, the United States releases, waives and abandons all claims against Ms. Hansson arising out of or related to the settlement agreement or otherwise involved in this case, except for fraud, regardless of whether they were included in the pleadings, including but not limited to all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

12. This stipulation is in no way related to or concerned with income or other taxes for which Ms. Hansson is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

13. Ms. Hansson warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Ms. Hansson further warrants and represents that she has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation

or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Ms. Hansson, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

14. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

15. Plaintiff's counsel and Government counsel represent that they have been and are authorized to enter into this stipulation on behalf of their respective clients.

16. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

s/ Charles W. Day, Jr.
CHARLES W. DAY, JR.
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, DC 20036-4716
Tel: (202) 496-0400
Fax: (202) 496-0404

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director
Authorized Representative of the
Attorney General

s/ David R. Feniger
DAVID R. FENIGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 305-2118

Attorneys for Defendant

February 21, 2006